UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL C.W. HARRISON,

    Plaintiff,

  v.                              CAUSE NO. 3:19-CV-1080-JD-MGG

SOUTH BEND POLICE DEPARTMENT,
*et al.*,

    Defendants.

OPINION AND ORDER

Daniel C.W. Harrison, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must remain mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Harrison alleges that on February 26, 2018, a cash advance store in South Bend, Indiana, was robbed. Detective Gary Hasbrook of the South Bend Police Department was assigned to investigate the case. It can be discerned that Harrison was brought to the police station two days after the robbery, interviewed for 3-4 hours, and ultimately released. The investigation continued, and Harrison alleges that an eyewitness, Elizabeth Samuels, identified the perpetrator from a photo lineup. She told police that she was 80 percent certain he was the perpetrator, because she recognized him as a repeat customer at a liquor store where she worked. The individual she identified was not Harrison.

Nevertheless, Detective Hasbrook ultimately sought a warrant for Harrison's arrest. Harrison claims that Detective Hasbrook intentionally omitted certain key facts from his affidavit submitted in support of the warrant application: that Harrison had been previously detained, interrogated about the offense, and released; that when he was detained by police, money in his possession did not match the serial numbers of money taken during the robbery; and that the eyewitness had identified a different person as the perpetrator. Harrison claims that Detective Hasbrook purposely omitted this information from the affidavit in an attempt to manufacture probable cause for his arrest. Harrison claims that he spent eight months in custody, until May 23, 2019, when the charges were dropped and the case dismissed. Based on these events, he sues the South Bend Police Department, the Chief of South Bend Police, Detective Hasbrook, the St. Joseph County Jail, the jail warden, and the jail assistant warden, seeking monetary damages.

The Fourth Amendment protects individuals from an arrest without probable cause. U.S. CONST. AMEND. IV; *Dollard v. Whisenand*, 946 F.3d 342, 353–54 (7th Cir. 2019). "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Dollard*, 946 F.3d at 354 (citation omitted). When a police officer, acting in good faith, obtains an arrest warrant and acts within its scope, he is shielded from liability for false arrest. *Knox v. Smith*, 342 F.3d 651, 657–58 (7th Cir. 2003); *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985). However,

pursuant to *Franks v. Delaware*, 438 U.S. 154 (1977), the issuance of a warrant "does not erect an impenetrable barrier" to attacking the validity of a warrant affidavit. *Olson*, 771 F.2d at 277. "[A] facially valid warrant will immunize only the officer who acted in an objectively reasonable manner[.]" *Id.* at 281. Thus, if an officer submits an affidavit "that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements, not only is his conduct the active cause of the illegal arrest, but he cannot be said to have acted in an objectively reasonable manner." *Id.*; *see also Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742 (7th Cir. 2003). This principle applies "with equal force where police officers secure a warrant through the intentional or reckless omission of material facts." *Olson*, 771 F.2d at 281 n.5.

Giving Harrison the inferences to which he is entitled at the stage, he has plausibly alleged that Detective Hasbrook intentionally omitted material information from the warrant application to manufacture probable cause, and that he was arrested as a result. He has pled enough to proceed on a Fourth Amendment claim against Detective Hasbrook.

Harrison also appears to be trying to allege a malicious prosecution claim against Detective Hasbrook. "Malicious prosecution" is something of a misnomer. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> "[M]alicious prosecution" is the wrong characterization. There is only a Fourth Amendment claim—the absence of probable cause that would justify the detention. The problem is the wrongful custody. There is no

3

> such thing as a constitutional right not to be prosecuted without probable cause. But there is a constitutional right not to be held in custody without probable cause. . . . The wrong of detention without probable cause continues for the duration of the detention.

*Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018) (internal citations omitted); *see also Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("Manuel stated a Fourth Amendment claim when he sought relief not merely for his (pre-legal-process) arrest, but also for his (post-legal-process) pretrial detention."). Here, Harrison alleges that he was wrongfully detained for eight months based on Detective Hasbrook's affidavit, in which he intentionally omitted material facts negating probable cause. The damages he seeks in connection with his detention would be encompassed within his Fourth Amendment claim.[1] *Manuel*, 903 F.3d at 670.

Harrison also names the South Bend Police Department as a defendant, but the department is not a suable entity under state law and thus cannot be sued for constitutional violations. *See Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004); *Martin v. Fort Wayne Police Dep't*, No. 1:09–CV–48–TLS, 2010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010). He also names the Chief of Police, but there is nothing to indicate this individual was personally involved in these events. To the extent Harrison is seeking to hold the Chief liable as Detective Hasbrook's employer, there is no general *respondeat superior* liability under section 1983. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). These defendants will be dismissed.

---

[1] The court notes that Harrison could not proceed with such a claim if he had been convicted of the charge, *see Heck v. Humphrey*, 512 U.S. 477 (1994), but here he alleges that the charge was ultimately dismissed.

4

Harrison additionally names the St. Joseph County Jail as a defendant, but this is a building, not a person or even a policy-making body that could be sued for constitutional violations. *See Fain*, 388 F.3d at 261; *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He sues the warden and assistant warden at the jail, but there is nothing to indicate that they were personally involved in his arrest or the subsequent prosecution. They cannot be held liable solely because they oversee operations at the facility where Harrison was held during his pretrial detention. *J.K.J.*, 960 F.3d at 377. Therefore, these defendants will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Detective Gary Hasbrook in his personal capacity on a claim for monetary damages for false arrest and detention in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the South Bend Police Department, Chief of the South Bend Police Department, the St. Joseph County Jail, Warden Julie Lawson, and the Assistant Warden as defendants;

(4) DIRECTS, the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Gary Hasbrook, and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Gary Hasbrook to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 26, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT